IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGINALD HINES, JR., ABIGAIL LOIS
TURNER, and SELINA MARIE DOUGLAS,

                Plaintiffs,                OPINION AND ORDER

    v.                                                             18-cv-718-wmc

KARI HOFFMAN,

                Defendant.

*Pro se* plaintiff Reginald Hines, Jr., an inmate at the Brown County Jail, alleges that defendant Kari Hoffman, a prosecutor with the Brown County District Attorney's office, violated his constitutional rights (and those of other family members) by prosecuting him for making threats and giving false testimony. (Compl. (dkt. #1).) Because Hines is incarcerated and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will deny plaintiff leave to proceed.

ALLEGATIONS OF FACTS[1]

Plaintiff alleges that, as prosecutor, Hoffman pressured him with charges, fabricated false witnesses and victims, and built a case off of lies, causing him emotional and

---

[1] In addressing any pro se litigant's complaint, the court reads the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

psychological suffering and family discord.  Plaintiff further alleges that by prosecuting him, the defendant has caused his family to suffer.² Plaintiff seeks monetary damages and an apology.

From the court's review of the publicly available court docket, Hines was charged with one count of third degree sexual assault and one count of second degree sexual assault. *See State of Wisconsin v. Hines*, No. 2017CF001082 (Brown Cnty. Wis. Cir. Ct. filed July 25, 2017). He appears to have pleaded guilty to both charges on July 2, 2017, had a sentencing hearing on September 14, 2018, and had his judgment of conviction entered on September 27, 2018.

OPINION

Plaintiff is seeking leave to proceed on claims that the assistant district attorney prosecuting his criminal proceeding violated his constitutional rights. Because plaintiff has already been convicted and sentenced, to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, a claim for damages arising out of a conviction or sentence that has not been so invalidated is not cognizable under 42

---

² The court infers that the two other individuals he names as plaintiffs are also family members.

U.S.C. § 1983. *Id.*; *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (A complaint that is barred by *Heck v. Humphrey* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).

Even if *Heck* did not bar his suit, Hines is seeking to pursue a claim against a prosecutor. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). As such, while the court would normally dismiss a claim barred by *Heck v. Humphrey* without prejudice to allow a plaintiff successful in invalidating his conviction or sentence to refile an action, defendant Hoffman is immune from suit and, therefore, the court will dismiss this case with prejudice.

ORDER

IT IS ORDERED that:

1) plaintiffs Reginald Hines, Jr., Abigail Lois Turner and Selina Marie Douglas's are DENIED leave to proceed. This case is DISMISSED with prejudice.

2) The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

Entered this 5th day of November, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge